IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG - 1 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| PATRICIA TRUJILLO MEDINA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. B-06-200 |
| § | |
| THE SHOE BOX, INC., and § | |
| CBL & ASSOCIATES § | |
| PROPERTIES, INC., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION

BE IT REMEMBERED that on July 29, 2008, the Court **GRANTED** Defendant CBL & Associates Properties, Inc.'s Motion for Summary Judgment, Dkt. No. 28, at the final pretrial conference of this case. This Memorandum Opinion memorializes that ruling.

Patricia Trujillo Medina ("Plaintiff") alleges premises liability and negligence causes of action against The Shoe Box, Inc. ("The Shoe Box"), a retail store located inside Sunrise Mall in Brownsville, Texas, for injuries Plaintiff suffered when a rolling security grille at the store entrance struck Plaintiff's head. Dkt. No. 3. Plaintiff also alleges a premises liability action against CBL & Associates Properties, Inc. ("CBL"), which owned and operated Sunrise Mall at the time of the incident. *Id.* In the instant motion, CBL maintains that it is entitled to judgment on the claim asserted against it because CBL did not operate or control the premises where the incident occurred, nor did it operate or control the rolling security grille in question. Dkt. No. 28. CBL also contends that it had no knowledge that the grille was in an allegedly unreasonably

dangerous condition.  *Id.*  Plaintiff, who is proceeding pro se in this matter,[1] did not respond to CBL's motion.

## I. Factual Background and Procedural History

On December 20, 2004, Plaintiff shopped at The Shoe Box, a retail shoe store located inside Sunrise Mall in Brownsville, Texas.  Upon concluding her shopping, she left The Shoe Box and exited the mall.  While Plaintiff was on her way to a store located beyond the mall premises, she realized that her cell phone was missing.  Plaintiff returned to Sunrise Mall and went to The Shoe Box to search for the phone.  When Plaintiff returned to the store, it was closing, and the rolling security grille located at the entrance of the store was almost completely lowered to the floor.  Plaintiff spoke to a store employee and told her she believed she had left her cell phone inside the store. The employee told Plaintiff to enter the store and search for the phone.  The employee lifted the grille to allow Plaintiff to enter; Plaintiff did not push up the grille.  Plaintiff entered the store and searched for her phone for approximately one minute.  She did not find the phone, and she began to exit the store.  As Plaintiff exited the store, the grille dropped and struck Plaintiff's head.

Plaintiff filed the instant action on December 19, 2006, alleging premises liability and negligence causes of action against The Shoe Box, and a premises liability action against CBL, the owner and operator of Sunrise Mall on the date of the incident.  Dkt. Nos. 1, 3.  As to CBL, Plaintiff alleged that she was an invitee on the premises because she entered The Shoe Box as a customer, and therefore, CBL owed her a duty to exercise ordinary care of the premises.  Dkt. No. 3, at 4.  She maintained that CBL "either knew, or in the exercise of ordinary care should have known, that the lowering of a security gate while customers were present posed an unreasonable risk of harm to uses entering and exiting the premises." *Id.*  Plaintiff further stated that CBL "had a duty to exercise ordinary care to discover this dangerous condition of the premises, and to make the premises safe for reasonable use by Plaintiff and other invitees of [The Shoe Box and CBL." *Id.* at 4–5.  Plaintiff averred that CBL's alleged indifference and failure to

---

[1] Plaintiff was represented by counsel from the inception of this suit until the end of discovery.  *See* Dkt. No. 3, at 7; Dkt. No. 13.  However, the Court granted Plaintiff's counsel's motion to withdraw after holding a hearing on the matter.  Dkt. No. 20.

act proximately caused Plaintiff's injuries. *Id.* at 5. Plaintiff contended that she suffered "a skull fracture, injured her spine and body generally, which . . . resulted in losses and damages recoverable at law," including physical pain, mental anguish, loss of earning capacity, medical expenses, and physical impairment damages. *Id.* at 5–6.

Plaintiff has not produced any evidence that she ever properly served a summons and complaint upon The Shoe Box. Plaintiff filed two motions for extensions of time to serve The Shoe Box because she was having difficulty determining and locating the true owners, guarantors, and registered agent for the corporation. *See* Dkt. Nos. 14, 16. The Court granted both of Plaintiff's requests, and Plaintiff had until September 28, 2007 to serve The Shoe Box. Dkt. Nos. 15, 17. However, a return of service and proof that summons had been executed were never filed with the Court subsequent to the extended deadline, and The Shoe Box never entered an appearance or filed its answer. Furthermore, Plaintiff did not file a motion for default judgment to be entered against The Shoe Box. Therefore, the Court concludes that Plaintiff never served The Shoe Box with a summons and complaint, and there are no live claims currently pending against the corporation.

Additionally, the Court notes that Plaintiff is proceeding pro se in this matter. Plaintiff was represented by counsel from the inception of the suit in December 2006 until February 21, 2008, when the Court granted Plaintiff's counsel's motion to withdraw. *See* Dkt. No. 20. Plaintiff's counsel submitted evidence to the Court that counsel had notified and explained the Court's withdrawal order to Plaintiff, and upon receipt of such evidence, the Court granted a 30-day stay of the case in order to allow Plaintiff time to retain new counsel. *Id.* The Court ordered Plaintiff to inform the Court by April 11, 2008 whether she had hired new counsel or would proceed pro se. *Id.* Plaintiff did not file any type of status report with the Court, and she has not filed any documents in this case since her counsel was allowed to withdraw.

Upon consideration of the foregoing, the Court determines that CBL's motion for summary judgment is unopposed, and the motion addresses the only live claim in this matter.

II. **Summary Judgment Standard**

Summary judgment is appropriate when the movant has established that the pleadings, affidavits, and other evidence available to the Court demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Piazza's Seafood World, LLC v. Odom, 448 F.3d 744, 752 (5th Cir. 2006); Lockett v. Wal-Mart Stores, Inc., 337 F.Supp.2d 887, 891 (E.D. Tex. 2004). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, LLC, 448 F.3d at 752 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The Court must view all evidence in a light most favorable to the non-moving party. Piazza's Seafood World, LLC, 448 F.3d at 752; Lockett, 337 F.Supp.2d at 891. Factual controversies must be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 36 F.3d 1069, 1075 (5th Cir. 1994). Thus, the Court will not, "*in the absence of proof, assume that the nonmoving party could or would prove the necessary facts.*" Id. (emphasis in original) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)); see also TIG Ins. Co. v. Eagle, Inc., Civ. Action No. 05-0179, 2007 WL 861153, at *2 (E.D. La. 2007) (quoting Little, 36 F.3d at 1075).

The non-movant has no duty to respond to a motion for summary judgment until the moving party meets its burden of showing that no genuine issue of fact exists. See Lockett, 337 F. Supp. 2d at 891 (citing Ashe v. Corley, 992 F.2d 540, 543 (5th Cir. 1993)). Thus, a Court may not grant summary judgment simply because there has been no opposition to the motion. Hibernia Nat'l Bank v. Admin. Cental Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing John v. Louisiana (Bd. of Trustees for State Colleges and Universities), 757 F.2d 698, 709 (5th Cir. 1985)). If the movant fails to meet its initial burden, the nonmovant is not required to respond to the motion. John, 757 F.2d at 708. However, if the movant satisfies its burden, the non-movant must then come forward with specific evidence to show that there is a genuine issue of fact. Lockett, 337 F. Supp. 2d at 891; see also Ashe, 992 F.2d at 543. The nonmovant may not merely rely on conclusory allegations or the pleadings. Lockett, 337 F. Supp. 2d at 891. Rather, it must demonstrate specific facts identifying a genuine issue to be

tried in order to avoid summary judgment. FED. R. CIV. P. 56(e); *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

When a movant has met its burden of showing the absence of a genuine issue of material fact and the non-movant has failed to respond to the motion,[2] the Court may accept the movant's version of the facts as undisputed and grant summary judgment in favor of the movant, if appropriate. *Christian v. City of Dallas*, 64 F.Supp2d 617, 623 (N.D. Tex. 1999); *see* FED. R. CIV. P. 56(e). Thus, once it is shown that a genuine issue of material fact does not exist, "[s]ummary judgment is appropriate . . . if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Arbaugh v. Y&H Corp.*, 380 F.3d 219, 222–23 (5th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

### III. A Lessor's Duty in a Premises Liability Action

Under Texas law, a land owner owes invitees the duty to exercise ordinary care to protect them from risks that the land owner is actually aware of, as well as risks that the owner should be aware of after a reasonable inspection. *Motel 6, G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996); *Cadenhead v. Hatcher*, 13 S.W.3d 861, 863–64 (Tex. App. 2000). In order for a premises invitee plaintiff to establish a general premises liability cause of action, the invitee must show that "(1) the land owner had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) the land owner failed to exercise reasonable

---

[2] "[P]articularized additional notice of the potential consequences of a summary judgment motion and the right to submit opposing affidavits need not be afforded a pro se litigant. The notice afforded by the Rules of Civil Procedure and the local rules are . . . sufficient." *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). *See also Steward v. Bryan*, No. 02-61059, 2003 WL 22295510, at *1 (5th Cir. Oct. 7, 2003); *Hawkins v. United States*, No. 6:01-CV-189, 2002 WL 31688910, at *1 (5th Cir. Oct. 29, 2002); *Casas v. Quarterman*, Civ. Action No. H-05-3499, 2007 WL 837198, at *4 (S.D. Tex. Mar. 15, 2007).

care to reduce or eliminate the risk, and (4) the land owner's failure to use such care proximately caused the plaintiff's injuries." Blancett v. Lagniappe Ventures, Inc., 177 S.W.3d 584, 590 (Tex. App. 2005) (citing *Motel 6, G.P., Inc.* 929 S.W.2d at 3).

However, a land owner's duty of care differs when the land owner is the lessor of the premises in question. "A landlord is generally not liable to a tenant for injuries caused by an unsafe condition . . . ." Washington v. Resolution Trust Corp., 68 F.3d 935, 937 (5th Cir. 1995). *See also* Johnson County Sheriff's Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex. 1996) ("A lessor generally has no duty to tenants or their invitees for dangerous conditions on the leased premises."); Palermo v. Bolivar Yacht Basin, Inc., 82 S.W.3d 746, 748 (Tex. App. 2002); *Blancett,* 177 S.W.3d at 590. This rule comes from the idea that a lessor relinquishes possession of the premises to the lessee. *Endsley,* 926 S.W.2d at 285; *Cadenhead,* 13 S.W.3d at 863. There are recognized exceptions to this rule. *Blancett,* 177 S.W.3d at 590 (citing *Endsley,* 926 S.W.2d at 285). The exception that is on point in this case exists when a lessor retains possession or control over an area of the leased premises. *Washington,* 68 F.3d at 937; *Palermo,* 82 S.W.3d at 748; *Cadenhead,* 13 S.W.3d at 863. In that instance, the lessor owes the duty of ordinary care to the tenant to maintain the portion of the premises that was retained. *Washington,* 68 F.3d at 937; *Cadenhead,* 13 S.W.3d at 863. This duty encompasses the use of reasonable care to protect the tenant from harm caused by an unsafe condition in the area still under the lessor's control. *Endsley,* 926 S.W.2d at 285; *Cadenhead,* 13 S.W.3d at 863. A lessor owes this same duty to a tenant's invitees. *Cadenhead,* 13 S.W.3d at 863–64. Thus, it is imperative for an invitee plaintiff to establish that an exception to the general rule of lessor liability exists in order to prevail on a premises liability claim against a lessor. *See Blancett,* 177 S.W.3d at 591 (stating that "even if an invitee were to establish the [premises liability] elements in a claim against a lessor, the lessor would generally not be liable to the invitee for dangerous conditions on the leased premises because the lessor had, in fact, relinquished possession of the premises to a lessee").

## IV.     Analysis

CBL maintains that it did not operate or control the premises that include The Shoe Box retail store or the security grille at issue. Dkt. No. 28, at 2. CBL also contends that it had no knowledge that the security grille was in an allegedly unreasonably dangerous condition. *Id.* CBL submitted its lease agreement with The Shoe Box effective at the time of Plaintiff's incident, excerpts of Plaintiff's deposition testimony, and deposition excerpts of Cesar Briseno, Jr., the manager of Sunrise Mall, as evidence in support of its argument. Dkt. No. 20, Exs. C–E.

The Lease Agreement ("Agreement") established a landlord/tenant relationship between Brownsville Sunrise Developers, L.P., the predecessor to CBL, and Wanli International Group ("Wanli"). *Id.* Ex. E at 1. CBL leased a discrete portion of the Sunrise Mall premises to Wanli, which was conducting business as a retail women's and children's shoe store under the trade name The Shoe Box. *Id.* at 1–2, 4. The leased premises was described in §1(a) of the Agreement as "[s]pace number 1030" and indicated on a floor plan of Sunrise Mall attached as an exhibit to the Agreement. *Id.* Ex. E at 1, Lease Ex. B. The leased premises was approximately 1,300 square feet, calculated "by using dimensions from the centerline of the interior or party walls and from the exterior faces of exterior walls." *Id.* at 1–2. Under the Agreement, The Shoe Box accepted and rented the interior of the leased premises described in §1(a). *Id.* at 1, 4. The Agreement also defined the areas within Sunrise Mall known as "Common Areas," such as parking areas, landscaped areas, elevators, courts, and "other facilities available for common use," which CBL maintained. *Id.* at 1.

Plaintiff's deposition[3] testimony establishes that the incident at issue occurred as she was exiting the leased premises. Dkt. No. 28, Ex. C at 12, 14–17. As discussed *supra*, Plaintiff returned to The Shoe Box around closing time to search for her misplaced cell phone, and a store employee lifted the security grille to allow her into the store. Plaintiff did not find the phone, she began to leave the store via the walkway through which she had entered, and she felt the security grille strike her head. *Id.*

---

[3] At the time Plaintiff was deposed, she was still represented by counsel. *See* Dkt. No. 28, Ex. C.

7

The deposition[4] testimony of Cesar Briseno, Jr. ("Briseno"), the manager of Sunrise Mall in charge of daily operations, demonstrates that the security grille was located within the leased premises. Dkt. No. 28, Ex. D. A retail tenant's leased premises extends to the outermost portion of the exterior walls of the leased area. *Id.* at 44–45. Security grilles are located within the leased premises, and not within the common areas. *Id.* Tenants bear the responsibility to install, maintain, and repair the grilles. *Id.* at 44–45, 66. Tenants are also responsible for raising and lowering the grilles. *Id.* CBL, as operator of Sunrise Mall, did not retain the responsibility to perform these actions under the Agreement, nor did it retain control over the area encompassing the security grilles. *Id.* at 44, 67. Neither The Shoe Box nor any other retail store within Sunrise Mall had ever notified Briseno of any problems concerning security grilles falling down abruptly. *Id.* at 43. Furthermore, when a problem with the security grilles would arise, such as a key breaking in a lock, Sunrise Mall was not responsible for contracting for repair services because the grilles belonged to the individual tenants. *Id.* at 43–44.

Based on the foregoing, the Court determines that CBL has met its burden of establishing that there is no genuine issue of material fact regarding Plaintiff's premises liability claim against CBL. CBL has established that it had a landlord/tenant relationship with The Shoe Box, CBL did not retain control or responsibility over the premises leased to The Shoe Box, and the incident giving rise to Plaintiff's cause of action occurred within the leased premises. Plaintiff has failed to come forward with evidence demonstrating the existence of a material fact regarding this claim or the application of an exception to the general rule of lessor liability. Furthermore, Plaintiff may not merely rest on conclusory statements included in her pleadings in order to avoid summary judgment. Accordingly, the Court finds that CBL is entitled to summary judgment on Plaintiff's premises liability claim asserted against it.

## V.     Conclusion

The Court concludes that Defendant CBL & Associates Properties, Inc, as the moving party in the instant motion, has met its summary judgment burden of

---

[4] Plaintiff was also represented by counsel at Briseno's deposition. Dkt. No. 28, Ex. D.

establishing the absence of a genuine issue of material fact regarding Plaintiff's premises liability claim asserted against CBL. Furthermore, the Court concludes that Plaintiff Patricia Trujillo Medina has failed to come forward with specific evidence showing the existence of a genuine issue of fact regarding this claim. Accordingly, the Court **GRANTS** CBL & Associates Properties, Inc.'s Motion for Summary Judgment. Dkt. No. 28.

DONE at Brownsville, Texas, on August 1, 2008.

_____

Hilda G. Tagle
United States District Judge